IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cherise Northington, on behalf of herself and all other plaintiffs similarly situated known and unknown, | )<br>)<br>) Case No.:17 CV 5 570 |
| Plaintiffs, | )<br>) |
| v. | ) Judge:<br>)<br>) |
| Taking Care of Our Seniors, Inc. and Beverly Davidson, individually, | ) Magistrate Judge:<br>)<br>) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Cherise Northington, ("Northington") individually and on behalf of persons similarly situated, state as follows as her Collective Action Complaint against Taking Care Of Our Seniors, Inc. ("TCOOS"), and Beverly Davidson, individually ("Davidson" and collectively with TCOOS, "Defendants"):

### Nature of the Action

1. Plaintiff brings this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks, for their refusal to pay employees their full wages within the time period required by law, and for continuously paying employees less than hours earned. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly

1

situated employees their lawfully earned and living wages. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

## Parties

2. Plaintiffs are all citizens of Illinois who are current or former employees of Defendants.

3. Defendant TCOOS is an Illinois corporation. Upon information and belief, Beverly Davidson is the owner of TCOOS and is responsible for the pay rates, terms, and conditions of Plaintiffs' employment.

## Jurisdiction and Venue

5. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

## Factual Allegations

7. Plaintiff is employed by Defendants as a "home care specialist" to elderly clients. Plaintiff was paid based on the "shifts" she works. Plaintiff works 24 hour shifts and is paid $150 for each shift regardless of the actual hours worked per shift.

8. Plaintiff often works over 96 hours per week, but she is not paid at a rate of time-and-one-half for all hours worked over forty. Additionally, based on the payment per shift and the average hours per shift, Plaintiff is paid less than the hourly minimum wage.

9. Defendant Taking Care of Our Seniors, Inc. ("Taking Care of Our Seniors") provides "Home Service" to seniors. According to Take Care of Our Seniors' website, Taking Care of Our Seniors offers help with "daily chores such as cooking, cleaning, and getting around

town." The services they provide include, "Meal Preparation, Medication Reminders, Cleaning, Laundry, Transportation to appointments, Grocery Shopping, Emotional and Spiritual Companionship".

10. Upon information and belief, Taking Care of Our Seniors does not provide nursing or any other professional care to clients.

11. Plaintiff is not licensed as a nurse or a nursing assistant in Illinois, and was told by Defendants that a license in Illinois was not necessary for employment.

12. Defendant Beverly Davidson is the President of Taking Care of Our Seniors. Davidson is responsible for pay rates, schedules and other terms and conditions of Plaintiff's employment.

13. Plaintiff often does not get paid on time. Plaintiff's checks are supposed to be directly deposited into her account, but the money is often not deposited. After Plaintiff complains about it, the money is sent to her by Western Union or a check is sent by Federal Express. This results in the wages being paid several days late.

14. Plaintiff has asked Defendant, Davidson, multiple times for her pay on time and was threatened with termination. One such time was on July 17, 2016, Plaintiff asked Davidson via text messages about payment for time worked and around 2:30 p.m. Davidson texted back, "I will get you paid but this attitude in done with" and "You always get paid what happened was not my fault however you ain't got to worry about anymore. I will no longer need your services."

## Collective Allegations

15. Plaintiff seeks to prosecute her FLSA claims as a collective on behalf of all in-home service employees of Defendants in the State of Illinois within the three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who

worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time.

16. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendants' not paying overtime for hours worked.

17. Plaintiff and other similarly situated employees were not exempt from overtime pay.

18. At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) within a workweek.

19. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked.

20. It is not known how many current and former employees are within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. However, Defendants claim on their website that they serve 10 counties within Illinois. Upon information and belief, Defendants employ numerous similarly situated employees to be able to provide in-home services to clients in 10 counties. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted collective so that all claims may be resolved efficiently in a single proceeding.

21. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

22. Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

### COUNT I - OVERTIME DUE UNDER THE FLSA
**(Fair Labor Standards Act)**
**(Plaintiff Individually And On Behalf of all Non-Management Employees Pursuant to 29 U.S.C. § 216)**

23. Paragraphs 1 through 22 are re-alleged as if fully set forth herein.

24. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-learned professional employees within the meaning of the FLSA.

25. Defendants have a policy and practice of paying employees a fixed rate for each shift worked and refusing to pay overtime compensation to its employees for the hours worked in excess of forty (40) hours per week.

26. Defendants' failure to pay Plaintiff and similarly situated members of the proposed class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### COUNT II – OVERTIME DUE UNDER THE IMWL
#### (Illinois Minimum Wage Law)
#### (Plaintiff Individually Against All Defendants)

29. Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

31. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of forty (40) hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

32. During the 3 years prior to the filing of this Complaint, Plaintiff was regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but was not compensated for such overtime work.

33. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

34. As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff has been damaged in that she has not received wages due to her pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff;

    B.    A declaratory judgment that Defendants' violations of the IMWL were willful;

    C.    A judgment to Plaintiff in the amount of unpaid overtime;

    D.    A judgment to Plaintiff of punitive damages as provided by IMWL;

    E.    A judgment to Plaintiff of reasonable attorneys' fees;

    F.    Costs incurred in filing this action; and

    G.    Such other and further relief as this Court deems appropriate and just.

### COUNT III – FAILURE TO PAY MINIMUM WAGE
**(Fair Labor Standards Act)**
**(Plaintiff Individually And On Behalf of all Non-Management Employees Pursuant to 29 U.S.C. § 216)**

35.    Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

36.    At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

37.    Defendants' failure to pay Plaintiff and similarly situated members of the proposed class compensation at a rate not less than the minimum wage is a violation of the FLSA, in particular, 29 U.S.C. § 206(a)(1).

38.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.    Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid compensation, and an additional amount equal as

liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT IV – FAILURE TO PAY MINIMUM WAGE
### (Illinois Minimum Wage Law)
### (Plaintiff Individually Against All Defendants)

40. Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41. This count arises from Defendants' violation of the minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

42. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked. Compensation must be paid at a rate of not less than $8.25 per hour.

43. During the 3 years prior to the filing of this Complaint, Plaintiff was paid at the rate of $150 per 24 hour shift. This is a pay rate of $ 6.25 per hour. (150/24 = 6.25)

44. Defendants willfully, knowingly and/or recklessly violated the IMWL which requires compensation to be paid to non-exempt employees

45. As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff has been damaged in that she has not received wages due to her pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A declaratory judgment that Defendants have violated the minimum wage provisions of the IMWL as to the Plaintiff;

B. A declaratory judgment that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiff in the amount of unpaid wages;

D. A judgment to Plaintiff of punitive damages as provided by IMWL;

E. A judgment to Plaintiff and the Class of reasonable attorneys' fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: 7/31/17                                        Respectfully submitted,

By:  _____-S-John C. Ireland
John C. Ireland

Attorney for the Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675 Attorneyireland@gmail.com
Facsimile 630-206-0889            ATTY # 628137